**TUTTEN et al. v. UNITED STATES.**
**Civ. No. 219-M.**

United States District Court
N. D. Florida, Marianna Division.
Nov. 21, 1952.

E. E. Callaway and Wilson L. Bailey, Blountstown, Fla., for plaintiffs.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

This is a suit brought by plaintiffs on a National Service Life Insurance Policy. On November 14, 1944, Olin Seth Tutten, decedent, stepson of plaintiff, Lucille Lindsey Tutten, was inducted into the Armed Services. On December 1, 1944 he applied for and there was issued to him, National Life Insurance Policy No. 17806452 for $10,000, wherein his stepmother was designated the principle beneficiary and his father, Joseph Harley Tutten, as contingent beneficiary. On June 20, 1945 decedent was psychiatrically diagnosed as "suffering a constitutional psychopathic state, emotional instability, EPTS" (Existing Prior To Service), and he was discharged from the service as being totally disabled and not recommended for any branch of the military service.

During the seven months of decedent's military service his monthly insurance premium payments were effected automatically by deductions from his pay. At no time after his discharge in June, 1945 were any premiums paid by him or by any other person on account of said policy and the policy automatically lapsed by reason of non-payment of premium due on July 1, 1945. On August 22, 1946, while a patient of the Veterans Hospital at Tuscaloosa, Alabama, decedent escaped from the hospital after supper in the evening of that day and was absent from said hospital and grounds throughout the night. About 7:00 o'clock on the morning of August 23, 1946 the hospital was notified that decedent had been killed in a highway accident outside the city limits of Tuscaloosa.

Following his death, plaintiff filed with the Veterans Administration an application for the waiver of premium payments on the insurance policy and her claim for the payment of the insurance due her. The application was denied on the ground that plaintiff had failed to show that decedent was totally disabled from the date of his discharge from the Army until the date of his death. An appeal was taken to the Board of Veterans Appeals and the Board agreed with the Veterans Administration and denied the application. Whereupon this suit was brought to recover on the policy.

At the conclusion of plaintiff's proof pertaining to the total disability of decedent, Tutten, from the date of his discharge from the Army until his death, defendant abandoned its contention that decedent was not totally disabled during said period, admits his total disability but denies its liability on the insurance policy on the ground that the mental condition which brought about the discharge of decedent from the service existed prior to his induction into the service. It is the government's contention that if Tutten suffered with the mental condition that brought about his discharge on the day he was drafted into the service that waiver of premium payments could not be granted. Counsel for neither party has cited any authority bearing upon this question and the court is compelled to decide the issue without light from other decisions.

Title 38 U.S.C.A. § 802(n) provides that:

"Upon application by the insured and under such regulations as the Administrator may promulgate, payment of premiums on such insurance may be waived during the continuous total disability of the insured, which continues or has continued for six or more consecutive months, if such disability commenced (1) subsequent to the date of his application for insurance * * *."

It would thus appear from this provision of the statute, standing alone, that if the mental condition of the decedent, which brought about his discharge, existed prior to his induction into the Armed Services that the Administrator was without authority to waive premium payments. And, if he was without such authority, the policy here sued upon lapsed for failure to pay premiums on same. However, this section should be read in connection with Sec. 802(a), which is as follows:

"Every person who is commissioned and hereafter ordered into, or who is hereafter examined, accepted, and en-

rolled in, the active service and while in such active service shall, upon application in writing (made within one hundred and twenty days after entrance into such active service) and payment of premiums as hereinafter provided and without further medical examination, be granted insurance by the United States against the death of such person occurring while such insurance is in force."

It is the opinion of the court that this provision of the law governing the issuance of the insurance policy here in question precludes the defendant from raising the question as to the mental disability of the deceased at the time he was inducted into the Armed Services. His entry into the Service was not a voluntary act on his part and he used no fraud or deception to secure his induction into such Service. Neither was he eligible for induction if totally disabled at the time he was called for induction. The court, therefore, finds and holds that this provision of the law governing the issuance of the insurance policy here in question precludes defendant from raising the question as to the total mental disability of the deceased at the time he was inducted into such Service.

In this case, however, plaintiff went further than to rely upon this legal defense and offered testimony as to the mental condition of decedent prior to and at the time he was inducted into the Armed Services as well as at the time he was discharged therefrom. This evidence shows no marked abnormality on the part of decedent when he was inducted into the Services. The government failed to rebut this evidence with any satisfactory proof to the contrary. All the government relies upon in support of its contention is the diagnosis of the physician who examined the deceased at Ft. McPherson, Georgia in June, 1945 when he was psychiatrically diagnosed as "suffering a constitutional psychopathic state, emotional instability EPTS" plus a statement contained in the deposition of Dr. N. J. Dawkins, given to an Examiner of the Veterans Administration "that decedent was not mentally all right when he went into the Service". Dr. Dawkins' later deposition

cleared up this statement sufficiently to remove any implication that he may have considered decedent totally incapacitated because of his mental condition at the time he entered the Armed Services of the United States.

The court finds and holds that the preponderance of the evidence in this case is with plaintiff, that the mental condition suffered by decedent at the time of his discharge from the Armed Services, which rendered him totally incapacitated continued until the time of his death; that it did not exist at the time of his induction into the Armed Services of the United States and that plaintiff is entitled to recover on the policy of insurance here sued upon.

A Final Judgment will be entered herein in conformity with this Memorandum Decision.